1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALFONSO FULGENCIO-LARA,

Defendant.

CASE NO. 12cr3939-LAB-1 and 13cv369-LAB

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255**

Defendant Alfonso Fulgencio-Lara pleaded guilty, pursuant to a plea agreement, to one count of being a removed alien found in the United States. On January 23, 2013, the Court sentenced him to 42 months' imprisonment, followed by three years' supervised release. The plea agreement provided for a waiver of appeal and collateral attack, unless the Court imposed a sentence above the high end of the guideline range recommended by the government pursuant to the agreement. The government made the recommendation required by the agreement. (*Compare* Docket no. 15 (Plea Agreement) at 7:15–8:2 *with* Docket no. 20 (Government's Sentencing Summary Chart) at 2.) The Court sentenced Fulgencio-Lara below the guideline range recommended by the government; appeal and collateral attack were therefore waived.

Ignoring his waiver of collateral attack, Fulgencio-Lara on February 13 filed a motion pursuant to 28 U.S.C. § 2255, making frivolous arguments. Even if collateral attack had not been waived, the motion would be denied on the merits.

1    Fulgencio-Lara's motion first attempts to obtain a downward departure by accepting

2  deportation. (Docket no. 31 at 1.) Even if the Court had authority to revisit sentencing for this

3  reason, Fulgencio-Lara already agreed to deportation. (Plea Agreement at 9:19–27.)

4    The motion next argues that because Fulgencio-Lara is not a U.S. citizen, he is

5  eligible for a lower sentence than a U.S. citizen would receive. This Court and other courts

6  have repeatedly and consistently rejected such arguments as meritless.  *See, e.g.*,

7  *Patterson-Romo v. United States*, 2012 WL 2060872 (S.D.Cal., June 7, 2012) (Gonzalez,

8  J.); *United States v. Beltran-Palafox*, 2012 WL 899262 at *2 and n.14 (D.Kan., Mar. 16,

9  2012); *Aguilar-Marroquin v. United States*, 2011 WL 1344251 (S.D.Cal., Apr. 8, 2011) (Huff,

10  J.); *Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D.Cal., Aug. 6, 2010) (Burns,

11  J.). Worse yet, there are obviously no similarly-situated U.S. citizens, because the crime of

12  being a previously-deported alien found in the United States can only be committed by non-

13  citizens.

14    Finally, Fulgencio-Lara argues that he should be given an additional 2-point reduction

15  because he has been culturally assimilated. Even if the Court had authority to reconsider its

16  sentence on this basis, which it does not, this was already raised and considered. (*See*

17  Docket no. 25 at 2:1–3:15 (Defendant's Motion for Downward Departure).)

18    The Motion is **DENIED**. Because Fulgencio-Lara waived collateral attack, and

19  because his arguments lack even arguable merit, a certificate of appealability is **DENIED**.

20  *See Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (giving standard for

21  issuance of certificate of appealability).

22    **IT IS SO ORDERED**.

23  DATED:  February 20, 2013

24  

25  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

26  

27  

28